Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae (SBN 331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:  (310) 400-5890
Facsimile:   (310) 400-5895
Attorneys for Plaintiff Nicholas Green

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicholas Green,<br><br>              Plaintiff,<br><br>         vs.<br><br>Board of Regents of the University of California, Sergeant Paak (#320), Officer McIntire (#354), Officer Dodd (#389), Officer Brox (#388), Officer Jeffrey Chobanian, Officer K. Gutierrez, Bill Clayton, William Dunne, and DOES 1 through 10 inclusive,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This case challenges the abuse of discretion and unlawful search and seizure that deprived the Plaintiff, Nicholas Green, of his federal and state rights. Plaintiff, Nicholas Green, complains of Defendants Board of Regents of the University of California, Sergeant Paak (#320), Officer McIntire (#354), Officer Dodd (#389), Officer Brox (#388), Officer Jeffrey Chobanian, Officer K. Gutierrez, Bill Clayton,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

William Dunne, and DOES 1 through 10 inclusive, as follows:

## VENUE AND JURISDICTION

2.     This Court has subject matter jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1331, because these claims arise under the Constitution and laws of the United States.

3.     This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a), because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

4.     The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## PARTIES

5.     At all relevant times herein, PLAINTIFF Nicholas Green (hereinafter "Mr. Green" or "Plaintiff") was and is a resident of the State of California in the County of Los Angeles.

6.     DEFENDANT Board of Regents for the University of California (hereinafter referred to as "UC Regents") is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California, and at all times herein mentioned, Defendant UC Regents possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the UNIVERSITY OF CALIFORNIA POLICE DEPARTMENT (hereinafter referred to as "UCPD") and its tactics, methods, practices, customs and usages.

7.     DEFENDANT Willian Dunne (hereinafter referred to as "DUNNE") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a security manager, acting within the course and scope of his employment and also within his actual and apparent authority as an agent of a



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

public entity, UC Regents.

8.     DEFENDANT UCPD Sergeant Paak (#320) (hereinafter referred to as "PAAK") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

9.     DEFENDANT UCPD Officer Dodd (#389) (hereinafter referred to as "DODD") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

10.    DEFENDANT UCPD Officer Brox (#388) (hereinafter referred to as "BROX") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

11.    DEFENDANT UCPD Officer McIntire (#354) (hereinafter referred to as "MCINTIRE") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

12.    DEFENDANT UCPD Officer Jeffrey Chobanian (#314) (hereinafter referred to as "CHOBANIAN") is, and at all times in this complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

13.    DEFENDANT UCPD Officer K. Gutierrez (hereinafter referred to as "GUTIERREZ") is, and at all times in this complaint was, an individual employed



Green Complaint                                    3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, UC Regents.

14.    DEFENDANT Bill Clayton (hereinafter referred to as "CLAYTON") is, and at all times in this complaint was, acting under the direction and control of a public entity, UC Regents, and was employed by DOE 10, a security company contracted by the UC Regents.

15.    At all relevant times mentioned herein and material hereto, the Defendant DOES 1-9 described below were employees and/or agents of Defendant UC Regents, who acted in the course and scope of their employment by Defendant UC Regents and/or at the direction and control of Defendant UC Regents, at all times relevant to the acts and omissions herein alleged.

16.    Defendant DOE 1 is, and at all times in this complaint was, acting under the direction and control of a public entity, UC Regents, and was employed by DOE 10, a security company contracted by the UC Regents.

17.    At all relevant times mentioned herein and material hereto, Defendant DOE 10 was the security company contracted by Defendant UC Regents to provide security services at the Ronald Reagan University of California, Los Angeles ("UCLA") Medical Center.

18.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

19.    Defendants, and each of them, acted under color of law and did the acts and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

20.   Mr. Green is an African-American 34-year-old male journalist.

21.   On or about April 3, 2020 at approximately 7:00 p.m., Mr. Green was video recording outside the Ronald Reagan University of California, Los Angeles ("UCLA") Medical Center ("hospital"), located at 757 Westwood Plaza, Los Angeles, CA 90095, to obtain news footage regarding COVID-19 pandemic.

22.   Despite the fact Mr. Green was in a public space for a lawful purpose, CLAYTON, a security guard who was acting at the direction and control of the UC Regents at all times mentioned herein, approached Mr. Green and told him that he needed to go to the sidewalk across the street if he wanted to video record.

23.   Mr. Green informed CLAYTON that he was exercising his First Amendment right to freedom of press by video recording in a public place. In response, CLAYTON told Mr. Green that the sidewalk area outside of the hospital was private property and that Mr. Green could not be there.

24.   CLAYTON used his elbow to shove Mr. Green in his chest towards the sidewalk across the street.

25.   Then, CLAYTON began shining his flashlight in Mr. Green's camera to obstruct Mr. Green's video. DOE 1, another security guard who was acting at the direction and control of the UC Regents at all times mentioned herein, approached the scene and also began shining his flashlight in Mr. Green's camera.

26.   Later, UCPD Officers CHOBANIAN and GUTIERREZ arrived at the scene. CHOBANIAN told Mr. Green that he could not video record while standing on the sidewalk outside of the hospital, because it was private property. CHOBANIAN also told Mr. Green that by video recording from the sidewalk area outside of the hospital, Mr. Green was "violating HIPPA" and "obstructing" hospital employees from doing their jobs.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

27.   UCPD Lieutenant Davis eventually arrived to the scene, upon Mr. Green's request. At no point did Lieutenant Davis ever tell Mr. Green that he could not video record while standing on the sidewalk outside of the hospital. Lieutenant Davis listened to Mr. Green's complaint regarding CLAYTON's assault and battery on him and provided Mr. Green the following incident number:  202. After being provided the incident number, Lieutenant Davis and his subordinate officers walked away from Mr. Green, and Mr. Green continued video recording while standing on the sidewalk outside the hospital.

28.   Later, on or about April 9, 2020 at approximately 3:00 p.m., Mr. Green returned to the Ronald Reagan UCLA Medical Center, located at 757 Westwood Plaza, Los Angeles, CA 90095, to obtain additional news footage regarding COVID-19.

29.   The hospital's security manager, DUNNE, approached Mr. Green and told him that he needed to leave, because he was "violating HIPPA" by video recording outside the hospital. In response, Mr. Green explained that he was not violating HIPPA and was simply exercising his First Amendment right to freedom of press.

30.   DUNNE then called UCPD officers to the scene. Shortly after, UCPD Sergeant PAAK arrived at the hospital, along with UCPD Officers MCINTIRE, DODD and BROX.

31.   PAAK and BROX repeatedly asked Mr. Green for his press credentials. In reply, Mr. Green told the officers that he was an independent journalist exercising his First Amendment right to freedom of press.

32.   Then, PAAK told Mr. Green that he was required to wear a face mask while standing outside on the sidewalk, and that if Mr. Green did not want to wear a face mask, Mr. Green needed to leave or would be subject to arrest.

33.   Approximately one minute later, PAAK told Mr. Green that he was under arrest. The officers seized Mr. Green's video recording equipment, and BROX handcuffed Mr. Green with MCINTIRE's assistance. Mr. Green was arrested for allegedly violating Health & Safety Code § 120280.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

34.   The officers eventually transported Mr. Green to a holding cell at the UCLA police station. Mr. Green remained in the holding cell for approximately three hours before being released.

35.   Upon Mr. Green's release from jail, Mr. Green attempted to retrieve his video recording equipment. Mr. Green, however, was prevented from getting his equipment back for several months, which impeded on his ability to work as a journalist.  A UCPD detective told Mr. Green that his equipment was being held as evidence. Approximately six months after the arrest, UCPD allowed Mr. Green to retrieve his equipment.

36.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

37.   Defendants UC Regents, CLAYTON, GUTIERREZ, CHOBANIAN, DUNNE, PAAK, MCINTIRE, DODD, BROX and DOES 1 through 10, inclusive, owed to Plaintiff non-consensual duties set forth in California Penal Code Sections 118.1 (false police report): 148.5 (false report of a crime); 134 (preparing false evidence); 132 (offering false evidence); 182(1) (conspiracy to commit crime); 182(2) (conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE – 42 U.S.C. § 1983
### (Against CLAYTON and DOES 1-9, inclusive)

38.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

39.   This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



40.   As a result of the above described intentional acts and omissions of Defendants CLAYTON and DOES 1-9, inclusive, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

        a.   CLAYTON used his elbow to shove Mr. Green in his chest towards the sidewalk across the street.

41.   As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent this violation.

42.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

43.   The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

44.   At no point did Mr. Green pose a reasonable threat of violence or danger to the Defendants or to any other individual. Mr. Green made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable person that Mr. Green had the will or ability to inflict substantial bodily harm against any individual.

45.   Additionally, Defendants acted entirely without probable cause or reasonable suspicion that Mr. Green had committed, was committing, or would commit any crime.

46.   Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

47.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### FALSE ARREST – 42 U.S.C. § 1983

### (Against PAAK, MCINTIRE, DODD, BROX and DOES 2 through 9, inclusive)

48.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

49.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

50.     As a result of the above described intentional acts and omissions of the Defendant Officers, collectively and individually, violated Plaintiff's Fourth Amendment constitutional right to be free from unreasonable seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

a. PAAK, MCINTIRE, DODD and BROX arrested Mr. Green, without reasonable suspicion or probable cause to believe Mr. Green committed, was committing or would commit a crime.

51.     As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

52.     The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

53.     As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful arrest, or because they failed to intervene to prevent this violation.

54.     Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

55.     Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.



Green Complaint                                                     9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

### THIRD CAUSE OF ACTION

### UNREASONABLE SEARCH – 42 U.S.C. § 1983

### (Against PAAK, MCINTIRE, DODD, BROX and DOES 2 through 9, inclusive)

56.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

57.   This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

58.   As a result of the above described intentional acts and omissions of the Defendant Officers, collectively and individually, violated Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches, as applied to state actors by the Fourteenth Amendment, was violated when:

      a.   PAAK, MCINTIRE, DODD and BROX searched Mr. Green, without reasonable suspicion or probable cause to believe Mr. Green committed, was committing or would commit a crime.

59.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

60.   The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

61.   As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful search of Mr. Green, or because they failed to intervene to prevent this violation.

62.   Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

63.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.



Green Complaint               10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# FOURTH CAUSE OF ACTION

## UNREASONABLE SEIZURE OF PROPERTY – 42 U.S.C. § 1983

## (Against PAAK, MCINTIRE, DODD, BROX and DOES 2 through 9, inclusive)

64.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

65.    This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

66.    As a result of the above described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

        a.  PAAK, MCINTIRE, DODD and BROX intentionally seized Mr. Green's video recording equipment, without reasonable suspicion or probable cause to believe Mr. Green committed, was committing or would commit a crime.

67.    As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

68.    The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

69.    As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful seizure of Mr. Green's property, or because they failed to intervene to prevent this violation.

70.    Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

71.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### FIRST AMENDMENT VIOLATION – 42 U.S.C. § 1983

### (Against CHOBANIAN, GUTIERREZ, CLAYTON, DUNNE, PAAK, MCINTIRE, DODD, BROX and DOES 1 through 9, inclusive)

72.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

73.   This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the First Amendment of the United States Constitution.

74.   As a result of the above described intentional acts and omissions of the Defendants, collectively and individually, Plaintiff's First Amendment constitutional right to freedom of press, as applied to state actors by the Fourteenth Amendment, was violated when:

   a.   CLAYTON approached Mr. Green and told him that he needed to go to the sidewalk across the street if he wanted to video record;

   b.   CLAYTON told Mr. Green that the sidewalk area outside of the hospital was private property and that Mr. Green could not be there;

   c.   CLAYTON used his elbow to shove Mr. Green in his chest towards the sidewalk across the street;

   d.   CLAYTON and DOE 1 shone theirs flashlights in Mr. Green's camera to obstruct Mr. Green from video recording in public;

   e.   CHOBANIAN told Mr. Green that he could not video record while standing on the sidewalk outside of the hospital, because it was private property;

   f.   CHOBANIAN told Mr. Green that by video recording from the sidewalk area outside of the hospital, Mr. Green was "violating



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

HIPPA" and "obstructing" hospital employees from doing their jobs;

g.  DUNNE told Mr. Green that he needed to leave, because he was "violating HIPPA" by video recording outside the hospital;

h.  DUNNE called UCPD officers to the scene;

i.  PAAK and BROX repeatedly asked Mr. Green for his press credentials;

j.  PAAK told Mr. Green that he was required to wear a face mask while standing outside on the sidewalk, and that if Mr. Green did not want to wear a face mask, Mr. Green needed to leave or would be subject to arrest;

k.  PAAK, MCINTIRE, DODD and BROX arrested for allegedly violating Health & Safety Code § 120280; and

l.  PAAK, MCINTIRE, DODD and BROX seized Mr. Green's video recording equipment.

75.  Mr. Green engaged in constitutionally protected conduct when he video recorded outside of the hospital on the public sidewalk.

76.  The Defendants' actions against the Plaintiff would chill a person of ordinary firmness from continuing to video record outside of the hospital on the public sidewalk.

77.  Mr. Green's protected conduct was a substantial or motivating factor in Defendants' conduct described in ¶81(a)-(l) of this Complaint.

78.  As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

79.  The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

imposition of exemplary and punitive damages as to Defendants, individually.

80.    As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the First Amendment violations, or because they failed to intervene to prevent these violations.

81.    Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

82.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 U.S.C. §1985(3)**

**(Against CHOBANIAN, GUTIERREZ, CLAYTON, DUNNE, PAAK, MCINTIRE, DODD, BROX and DOES 1 through 9, inclusive)**

83.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

84.    Defendants DUNNE, PAAK, MCINTIRE, DODD, BROX, as agents of the UC Regents, invidiously discriminated against Plaintiff and purposefully conspired together to deny Plaintiff equal protection of the laws as heretofore alleged by:

      a.  Depriving Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures by collectively participating in the wrongful search, arrest, and seizure of Plaintiff's property or by failing to intervene in these constitutional violations as recited above because he is African-American; and

      b.  Depriving Plaintiff of his First Amendment right to freedom of press by their threats, intimidation and coercion, as recited above because he is African-American.

85.    Defendants CHOBANIAN and GUTIERREZ, as agents of the UC Regents, invidiously discriminated against Plaintiff and purposefully conspired together to deny Plaintiff equal protection of the laws as heretofore alleged by:



14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

          a. Depriving Plaintiff of his First Amendment right to freedom of press by their threats, intimidation and coercion, as recited above because he is African-American.

86.    Defendants CLAYTON and DOE 1, as agents of the UC Regents and DOE 10, invidiously discriminated against Plaintiff and purposefully conspired together to deny Plaintiff equal protection of the laws as heretofore alleged by:

          a. Depriving Plaintiff of his First Amendment right to freedom of press by their threats, intimidation and coercion, as recited above because he is African-American.

87.    By virtue of the foregoing, Defendants conspired for the purpose of depriving Plaintiff of (a) equal protection of the law and (b) equal protection and immunities under the law, and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of the law.

88.    Defendants did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived the rights and privileges as set forth above.

89.    As a direct proximate result of the foregoing, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

90.    The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants, individually.

91.    As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the First Amendment violations, or because they failed to intervene to prevent these violations.

92.    Accordingly, Defendants are each liable to Plaintiff for compensatory and



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  punitive damages, under 42 U.S.C. § 1983.

2  93.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

3  ## SEVENTH CAUSE OF ACTION

4  ## EQUAL PROTECTION VIOLATION – 42 U.S.C. §1983

5  ## (Against CHOBANIAN, GUTIERREZ, CLAYTON, DUNNE, PAAK,

6  ## MCINTIRE, DODD, BROX and DOES 1 through 9, inclusive)

7  94.   Plaintiff repeats and re-alleges each and every preceding allegation of this

8  Complaint with the same force and effect as if fully set forth herein.

9  95.   Defendants DUNNE, PAAK, MCINTIRE, DODD, BROX, as agents of the UC

10  Regents, invidiously discriminated against Plaintiff by:

11          a.  Depriving Plaintiff of his Fourth Amendment right to be free
12              from unreasonable searches and seizures by collectively
13              participating in the wrongful search, arrest, or seizure of
14              Plaintiff's property or by failing to intervene in these
15              constitutional violations as recited above because he is African-
16              American; and

17          b.  Depriving Plaintiff of his First Amendment right to freedom of
18              press by their threats, intimidation and coercion, as recited above
19              because he is African-American.

20  96.   Defendants CHOBANIAN and GUTIERREZ, as agents of the UC Regents,

21  invidiously discriminated against Plaintiff by:

22          a.  Depriving Plaintiff of his First Amendment right to freedom of
23              press by their threats, intimidation and coercion, as recited above
24              because he is African-American.

25  97.   Defendants CLAYTON and DOE 1, as agents of the UC Regents and DOE 10,

26  invidiously discriminated against Plaintiff by:

27          a.  Depriving Plaintiff of his First Amendment right to freedom of
28              press by their use of force, threats, intimidation and coercion, as



Green Complaint                                     16

recited above because he is African-American.

98.     Defendants did not treat other similarly situated person in Mr. Green's position similarly. On April 9, 2020, there were other video journalists, who were not African-American, recording outside the hospital on the sidewalk next to Plaintiff. The other video journalists were not threatened, searched or arrested by Defendants. Defendants' sole basis for their discriminatory conduct was based on Mr. Green's African-American race.

99.     By virtue of the foregoing, Defendants deprived Plaintiff of (a) equal protection of the law and (b) equal protection and immunities under the law, and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of the law.

100.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants, individually.

101.   As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the First Amendment violations, or because they failed to intervene to prevent these violations.

102.   Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983.

103.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE – Cal. Govt. Code §§ 815.2(a), 820(a)

### (Against All Defendants)

104.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

105.   Plaintiff is informed and believes and there upon alleges that Defendants PAAK, MCINTIRE, DODD, BROX and DOES 1-9, and each of them, failed to



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently arresting Plaintiff without reasonable suspicion or probable cause to believe that Plaintiff had or was committing a crime, negligently searching Plaintiff, negligently seizing Plaintiff's video recording equipment and negligently failing to intercede when fellow Defendant Officers violated Plaintiff's constitutional rights.

106.   In addition, Defendant CLAYTON and DOES 1-9, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently attacking Plaintiff as described.

107.   Defendants PAAK, MCINTIRE, DODD, BROX, CLAYTON, CHOBANIAN, GUTIERREZ, DUNNE and DOES 1-9, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently violating Plaintiff's constitutional right to freedom of press.

108.   Defendants UC Regents and DOE 10, the security company contracted by Defendant UC Regents, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently hiring, retaining, training and supervising its employees and agents.

109.   All of these negligent acts proximately caused severe injuries to Plaintiff, as described herein.

110.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

111.   Defendant UC Regents is vicariously liable for the wrongful acts of Defendants PAAK, MCINTIRE, DODD, BROX, CLAYTON, CHOBANIAN, GUTIERREZ, DUNNE and DOES 1-9, inclusive, pursuant to section 815.2(a) of the California



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability. Because CLAYTON's and DOES 1-9's, inclusive, conduct described herein was at the direction and control of Defendant UC Regents, they are considered employees of Defendant UC Regents.

112.   Additionally, Defendant DOE 10, the security company contracted by Defendant UC Regents that employs CLAYTON and DOES 1-9, inclusive, is vicariously liable for the tortious conduct of CLAYTON and DOES 1-9, inclusive, as described herein.

113.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

## NINTH CAUSE OF ACTION

### ASSAULT AND BATTERY

**(Against Defendants CLAYTON, UC REGENTS and DOES 1-10, inclusive)**

114.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

115.   Defendant CLAYTON, acting individually and in his official capacity, assaulted and battered Plaintiff by acts which included, but were not limited to: shoving Plaintiff in the chest with his elbow.

116.   As a result of CLAYTON's conduct, Defendant DOES 1-9 are liable for Mr. Green's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

117.   In assaulting and battering Plaintiff as described herein, Defendants proximately caused severe and potentially permanent injuries to Mr. Green.

118.   Both prior to and during the time in which he was assaulted and battered, Plaintiff was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant CLAYTON, nor to any other individual. When he was



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

attacked, as described herein, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable person that he had the will or ability to inflict substantial bodily harm against any individual.

119.   As a result of the above alleged conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Moreover, as a result of the above alleged conduct, Mr. Green was placed in great fear of his life and physical well-being.

120.   The conduct alleged herein was intended by Defendants to cause injury to Plaintiff, and was done with a conscious disregard for the rights and safety of Plaintiff, as the conduct was willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against Defendants, in an amount to be determined according to proof at trial.

121.   Defendant UC Regents is vicariously liable for the wrongful acts of Defendants CLAYTON and DOES 1-9, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability. Because CLAYTON's and DOES 1-9's, inclusive, conduct described herein was at the direction and control of Defendant UC Regents, they are considered employees of Defendant UC Regents.

122.   Additionally, Defendant DOE 10, the security company contracted by Defendant UC Regents that employs CLAYTON and DOES 1-9, inclusive, is vicariously liable for the tortious conduct of CLAYTON and DOES 1-9, inclusive, as described herein.

123.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

### TENTH CAUSE OF ACTION

### VIOLATION OF THE BANE ACT – Cal. Civil Code §§ 52 and 52.1

### (Against All Defendants)

124.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

125.   As alleged herein, Defendants intentionally interfered with Plaintiff's rights under state and federal laws including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, the right to bodily integrity, the right to equal protection under the law, and the right to freedom of press under the First, Fourth and Fourteenth Amendments to the United States Constitution, and under Article 1, Sections 1, 7 and/or 13 of the California Constitution, by way of threats, intimidation and coercion, giving rise to claims for damages pursuant to California Civil Code § 52.1.

126.   As a result of their conduct, Defendants are liable for Mr. Green's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

127.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

128.   Defendant UC Regents is vicariously liable for the wrongful acts of Defendants PAAK, MCINTIRE, DODD, BROX, CLAYTON, CHOBANIAN, GUTIERREZ, DUNNE and DOES 1-9, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability. Because CLAYTON's and DOES 1-9's, inclusive, conduct described herein was at the direction and control of Defendant UC Regents, they are considered employees of Defendant UC Regents.



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

129.   Additionally, Defendant DOE 10, the security company contracted by Defendant UC Regents that employs CLAYTON and DOES 1-9, inclusive, is vicariously liable for the tortious conduct of CLAYTON and DOES 1-9, inclusive, as described herein.

130.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

131.   Plaintiff seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

132.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

133.   Defendants PAAK, MCINTIRE, DODD, BROX, and DOES 1-9, inclusive, while working at the direction and control of the UC Regents and acting within the course and scope of their duties, intentionally arrested and searched Plaintiff without reasonable suspicion or probable cause to believe that Plaintiff had or was committing a crime, seized Plaintiff's video recording equipment and failed to intervene during these unlawful actions.

134.   Defendants CLAYTON and DOES 1-9, inclusive, while working at the direction and control of the UC Regents and acting within the course and scope of their duties, intentionally shoved Plaintiff in the chest with his elbow and failed to intervene during these unlawful actions.

135.   Defendants PAAK, MCINTIRE, DODD, BROX, CHOBANIAN, DUNNE, GUTIERREZ, CLAYTON and DOES 1-9, inclusive, while working at the direction and control of the UC Regents and acting within the course and scope of their duties,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

intentionally violated Plaintiff's constitutional right to freedom of press.

136.   In doing the aforementioned acts, Defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiff to suffer extreme emotional distress, fear, anxiety, and mental anguish.

137.   As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

138.   As a direct and proximate cause of the aforementioned Defendants' acts and omissions, Plaintiff was injured as set forth above.

139.   Defendant UC Regents is vicariously liable for the wrongful acts of Defendants PAAK, MCINTIRE, DODD, BROX, CLAYTON, CHOBANIAN, GUTIERREZ, DUNNE and DOES 1-9, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability. Because CLAYTON's and DOES 1-9's,  conduct described herein was at the direction and control of Defendant UC Regents, they are considered employees of Defendant UC Regents.

140.   Additionally, Defendant DOE 10, the security company contracted by Defendant UC Regents that employs CLAYTON and DOES 1-9, inclusive, is vicariously liable for the tortious conduct of CLAYTON and DOES 1-9, inclusive, as described herein.

141.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

///

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## TWELFTH CAUSE OF ACTION

### VIOLATION OF THE RALPH ACT – Cal. Civil Code § 51.7

### (Against PAAK, MCINTIRE, DODD, BROX, CLAYTON, UC REGENTS and DOES 1 through 10, inclusive)

142.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

143.   As set forth in the California Civil Code § 51.7(a), all persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property on account of his or her race.

144.   Defendants, and each of them, interfered with the exercise and enjoyment of Plaintiff's rights secured to him by the Constitution or laws of this State, in violation of Civil Code §51.7, by using violence and/or threatening to use violence against Plaintiff's person and/or property.

145.   Upon information and belief, Defendants' violence and/or threats of violence against Plaintiff's person and/or property resulted from an improper discriminatory motive and intent, and with reckless and callous indifference to Plaintiff's rights.

146.   Plaintiff further alleges that Defendants would not have used such violence and/or made such threats of violence against Plaintiff's person and/or property had Plaintiff not been an African-American male.

147.   As a result of Defendants' conduct, Mr. Green has suffered and continues to suffer emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment. Additionally, Mr. Green suffered loss of income as a result of Defendants' unlawful seizure of his video recording equipment.

148.   As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.



Green Complaint                                          24

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

149.   Defendant UC Regents is vicariously liable for the wrongful acts of Defendants PAAK, MCINTIRE, DODD, BROX, CLAYTON and DOES 1-9, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability. Because CLAYTON's and DOES 1-9's, inclusive, conduct described herein was at the direction and control of Defendant UC Regents, they are considered employees of Defendant UC Regents.

150.   Additionally, Defendant DOE 10, the security company contracted by Defendant UC Regents that employs CLAYTON and DOES 1-9, inclusive, is vicariously liable for the tortious conduct of CLAYTON and DOES 1-9, inclusive, as described herein.

151.   The conduct of the Defendants was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

///

///

///



**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2. For special damages according to proof;

3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4. For prejudgment interest;

5. For attorney's fees pursuant to 42 U.S.C. § 1988 & California Civil Code § 52.1 (h);

6. For reasonable costs of this suit incurred herein;

7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: May 14, 2021                    **PLC LAW GROUP, APC**

*/s/Lauren K. McRae*
_____
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Nicholas Green

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



1

## **DEMAND FOR JURY TRIAL**

2

3        PLAINTIFF hereby respectfully demands a trial by jury on all issues and

4 claims.

5 Dated: May 14, 2021                    **PLC LAW GROUP, APC**

6

7                                         */s/Lauren K. McRae*

8                                        Peter L. Carr, IV
                                         Na'Shaun L. Neal
9                                        Lauren K. McRae
10                                       Attorneys for Plaintiff Nicholas Green

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**PLAINTIFF'S COMPLAINT FOR DAMAGES**