1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11   Nicholas Green,                          Case No. 2:21-CV-04077-RGK-AFM

12             Plaintiff,                      **[~~PROPOSED~~] ORDER RE
                                               STIPULATED PROTECTIVE
13        v.                                   ORDER[1]**

14   Board of Regents of the University of
     California, Sergeant Paak (#320),
15   Officer McIntire (#354), Officer Dodd
     (#389), Officer Brox (#388), Officer
16   Jeffrey Chobanian, Officer K.
     Gutierrez, Bill Clayton, William Dunne,
17   and DOES 1 through 10 inclusive

18             Defendant.

19

20        PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulation for

21   Entry of Protective Order re Confidential Documents"), and pursuant to the Court's

22   inherent and statutory authority, including but not limited to the Court's authority

23   under the applicable Federal Rules of Civil Procedure and the United States District

24   Court, Central District of California Local Rules; after due consideration of all of the

25   relevant pleadings, papers, and records in this action; and upon such other evidence

26

27   ─────────────────────

28   [1] This Stipulated Protective Order is based substantially on the model protective
     order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1. A. PURPOSES AND LIMI²TATIONS Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   GOOD CAUSE STATEMENT

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records for the following reasons.

First, Defendants contend that peace officers have a federal privilege of privacy in their personnel file records: a reasonable expectation of privacy therein that is underscored, specified, and arguably heightened by the *Pitchess* protective procedure of California law. *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D.

603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in their police personnel records); *cf.* Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that uncontrolled disclosure of such personnel file information can threaten the safety of non-party witnesses, officers, and their families/associates.

Second, Defendants contend that municipalities and law enforcement agencies have federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal advice or analysis – potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice.  *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests; and a chilling of open and honest discussion regarding and/or investigation into alleged misconduct that

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

1   can erode a public entity's  ability to identify and/or implement any remedial

2   measures that may be required.

3       Third, Defendants contend that, since peace officers do not have the same

4   rights as other private citizens to avoid giving compelled statements, it is contrary to

5   the fundamental principles of fairness to permit uncontrolled release of officers'

6   compelled statements. *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d

7   822, 828-830 (1985); *cf.* U.S. Const., amend V.

8       Accordingly, Defendants contend that, without a protective order preventing

9   such, production of confidential records in the case can and will likely substantially

10  impair and harm defendant public entity's interests in candid self-critical analysis,

11  frank internal deliberations, obtaining candid information from witnesses,

12  preserving the safety of witnesses, preserving the safety of peace officers and peace

13  officers' families and associates, protecting the privacy officers of peace officers,

14  and preventing pending investigations from being detrimentally undermined by

15  publication of private, sensitive, or confidential information – as can and often does

16  result in litigation.

17      1.2.    Plaintiff does not agree with and does not stipulate to

18  Defendants' contentions herein above, and nothing in this Stipulation or its

19  associated Order shall resolve the parties' disagreement, or bind them, concerning

20  the legal statements and claimed privileges set forth above.

21      However, plaintiff agrees that there is Good Cause for a Protective Order so

22  as to preserve the respective interests of the parties without the need to further

23  burden the Court with such issues.  Specifically, the parties jointly contend that this

24  Stipulation and its associated Protective Order may avoid  harm to any alleged

25  privilege interests by permitting the parties to facilitate discovery with reduced risk

26  that privileged and/or sensitive/confidential information will become matters of

27  public record.

28      1.3.    The parties jointly contend that there is typically a particularized

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    need for protection as to any medical or psychotherapeutic records, because of the

2    privacy interests at stake therein.  Because of these sensitive interests, a Court Order

3    should address these documents rather than a private agreement between the parties

4          C. <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

5          The parties further acknowledge, as set forth in Section 12.3, below, that this

6    Stipulated Protective Order does not entitle them to file confidential information

7    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

8    and the standards that will be applied when a party seeks permission from the court

9    to file material under seal.

10          There is a strong presumption that the public has a right of access to judicial

11    proceedings and records in civil cases. In connection with non-dispositive motions,

12    good cause must be shown to support a filing under seal. *See Kamakana v. City and*

13    *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

14    *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

15    *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

16    require good cause showing), and a specific showing of good cause or compelling

17    reasons with proper evidentiary support and legal justification, must be made with

18    respect to Protected Material that a party seeks to file under seal. The parties' mere

19    designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

20    without the submission of competent evidence by declaration, establishing that the

21    material sought to be filed under seal qualifies as confidential, privileged, or

22    otherwise protectable—constitute good cause.

23          Further, if a party requests sealing related to a dispositive motion or trial, then

24    compelling reasons, not only good cause, for the sealing must be shown, and the

25    relief sought shall be narrowly tailored to serve the specific interest to be protected.

26    *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For

27    each item or type of information, document, or thing sought to be filed or introduced

28    under seal in connection with a dispositive motion or trial, the party seeking

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*ATTORNEYS AT LAW*

protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: Nicholas Green v. Board of Regents for the University of California, Case No. 2:21-CV-04077-RGK-AFM

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

1  compilations of Protected Material; and (3) any testimony, conversations, or

2  presentations by Parties or their Counsel that might reveal Protected Material.

3       Any use of Protected Material at trial shall be governed by the orders of the

4  trial judge. This Order does not govern the use of Protected Material at trial.

5       4.    DURATION

6       Once a case proceeds to trial, information that was designated as

7  CONFIDENTIAL or maintained pursuant to this protective order used or introduced

8  as an exhibit at trial becomes public and will be presumptively available to all

9  members of the public, including the press, unless compelling reasons supported by

10  specific factual findings to proceed otherwise are made to the trial judge in advance

11  of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

12  showing for sealing documents produced in discovery from "compelling reasons"

13  standard when merits-related documents are part of court record). Accordingly, the

14  terms of this protective order do not extend beyond the commencement of the trial.

15       5.    DESIGNATING PROTECTED MATERIAL

16       5.1    Exercise of Restraint and Care in Designating Material for Protection.

17  Each Party or Non-Party that designates information or items for protection under

18  this Order must take care to limit any such designation to specific material that

19  qualifies under the appropriate standards. The Designating Party must designate for

20  protection only those parts of material, documents, items or oral or written

21  communications that qualify so that other portions of the material, documents, items

22  or communications for which protection is not warranted are not swept unjustifiably

23  within the ambit of this Order.

24       Mass, indiscriminate or routinized designations are prohibited. Designations

25  that are shown to be clearly unjustified or that have been made for an improper

26  purpose (e.g., to unnecessarily encumber the case development process or to impose

27  unnecessary expenses and burdens on other parties) may expose the Designating

28  Party to sanctions.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

5.3    The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue/enter, a Protective Order re confidential documents consistent with the terms and provisions of this Stipulation. However, the entry of a Protective Order by the Court pursuant to this Stipulation shall not be construed as any ruling by the Court on the aforementioned legal statements or privilege claims in this section (§ 1), nor shall this section be

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1   construed as part of any such Court Order.

2

3   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

5   designation of confidentiality at any time that is consistent with the Court's

6   Scheduling Order.

7       6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

8   resolution process under Local Rule 37-1 et seq.

9       6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint

10  stipulation pursuant to Local Rule 37-2.

11      6.4     The burden of persuasion in any such challenge proceeding shall be on

12  the Designating Party. Frivolous challenges, and those made for an improper

13  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

14  parties) may expose the Challenging Party to sanctions. Unless the Designating

15  Party has waived or withdrawn the confidentiality designation, all parties shall

16  continue to afford the material in question the level of protection to which it is

17  entitled under the Producing Party's designation until the Court rules on the

18  challenge.

19      7.      ACCESS TO AND USE OF PROTECTED MATERIAL

20      7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

21  disclosed or produced by another Party or by a Non-Party in connection with this

22  Action only for prosecuting, defending or attempting to settle this Action. Such

23  Protected Material may be disclosed only to the categories of persons and under the

24  conditions described in this Order. When the Action has been terminated, a

25  Receiving Party must comply with the provisions of section 13 below (FINAL

26  DISPOSITION).

27      Protected Material must be stored and maintained by a Receiving Party at a

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  as permitted under this Stipulated Protective Order; and

2      (i)    any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4      8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

5  <u>IN OTHER LITIGATION</u>

6      If a Party is served with a subpoena or a court order issued in other litigation

7  that  compels disclosure of any information or items designated in this Action as

8  "CONFIDENTIAL," that Party must:

9      (a)    promptly notify in writing the Designating Party. Such notification

10  shall include a copy of the subpoena or court order;

11      (b)    promptly notify in writing the party who caused the subpoena or order

12  to issue in the other litigation that some or all of the material covered by the

13  subpoena or order is subject to this Protective Order. Such notification shall include

14  a copy of this Stipulated Protective Order; and

15      ( )    cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.

17      If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "CONFIDENTIAL" before a determination by the court from which the

20  subpoena or order issued, unless the Party has obtained the Designating Party's

21  permission. The Designating Party shall bear the burden and expense of seeking

22  protection in that court of its confidential material and nothing in these provisions

23  should be construed as authorizing or encouraging a Receiving Party in this Action

24  to disobey a lawful directive from another court.

25      9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

26  <u>PRODUCED IN THIS LITIGATION</u>

27      (a)    The terms of this Order are applicable to information produced by a

28  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(c)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(d)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(e)     make the information requested available for inspection by the Non-Party, if requested.

(f)     (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(g)     10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

(h)     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a)

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

1   specific Protected Material at issue. If a Party's request to file Protected Material
2   under seal is denied by the court, then the Receiving Party may file the information
3   in the public record unless otherwise instructed by the court.

4       13.  <u>FINAL DISPOSITION</u>

5       After the final disposition of this Action, as defined in paragraph 4, within 60
6   days of a written request by the Designating Party, each Receiving Party must return
7   all Protected Material to the Producing Party or destroy such material. As used in
8   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
9   summaries, and any other format reproducing or capturing any of the Protected
10  Material. Whether the Protected Material is returned or destroyed, the Receiving
11  Party must submit a written certification to the Producing Party (and, if not the same
12  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
13  (by category, where appropriate) all the Protected Material that was returned or
14  destroyed and (2) affirms that the Receiving Party has not retained any copies,
15  abstracts, compilations, summaries or any other format reproducing or capturing any
16  of the Protected Material. Notwithstanding this provision, Counsel are entitled to
17  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
18  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
19  reports, attorney work product, and consultant and expert work product, even if such
20  materials contain Protected Material. Any such archival copies that contain or
21  constitute Protected Material remain subject to this Protective Order as set forth in
22  Section 4 (DURATION).

23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED:  4/25/2022

Alexander F. MacKinnon
U.S. Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and

16

understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of

_____

**[insert case name and number]**. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**